IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02172-REB-BNB

TERRY HANKINS,

Plaintiff,

v.

DIRK KEMPTHORNE, acting as Secretary of Interior, United States,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Motion to Stay** [Doc. #5, filed 1/8/07] (the "Motion"). The plaintiff seeks an order "granting a Stay against any further administrative action of the BLM under the 43CFR3715 regulations until their constitutionality is determined as requested in this action." The defendant has not yet been served in this action.[1] I construe the Motion as a request for a temporary restraining order. See Fed.R.Civ.P. 65(b).

Rule 65(b) of the Federal Rules of Civil Procedure provides that no temporary restraining order shall be granted without notice to the adverse party unless "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss,

---

[1] The plaintiff was ordered to file proof of service on or before March 1, 2007. *Minute Order entered November 15, 2006* [Doc. #3]. On January 8, 2007, he filed a motion for entry of default against the defendant [Doc. #4]; a paper entitled "Certificate of Mailing"[Doc. #6]; and a paper entitled "Proof of Service of Lawsuit on Defendant Proof of Filing and Payment of Court Fees [Doc. #8]. These filings do not demonstrate that the plaintiff has properly served the defendant pursuant to Rule 4(i), Fed.R.Civ.P. The Clerk's Office refused to enter a default against the defendant on January 8, 2007 [Doc. #9].

or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). The plaintiff has failed to meet this burden.

The Motion consists of five pages of "reasons" for granting a stay against the BLM. However, the Motion lacks any cogent statement of immediate and irreparable injury, loss, or damage to the plaintiff. Moreover, the plaintiff does not submit an affidavit, nor has he filed a verified complaint, which contain specific facts to establish that immediate and irreparable injury, loss, or damage will result before the defendant can be heard in opposition to his Motion.[2] Accordingly,

I respectfully RECOMMEND that the Motion, which I construe as a motion for temporary restraining order, be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn,

---

[2]The plaintiff initiated this case by filing a document entitled "Appeal of Cessation Order and Challenge to the Entire Body of 43CFR 3715 Regulations as Inconsistent with the Mining Law of 1872" [Doc. #1, filed 10/30/06] (the "Complaint"). The plaintiff has attached an affidavit to the Complaint. The affidavit is not sworn, nor does it contain specific facts to establish that immediate and irreparable injury, loss, or damage will result to the plaintiff before the defendant can be heard in opposition to the Motion.

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 18, 2007.

                                                    BY THE COURT:

                                                    s/ Boyd N. Boland
                                                    United States Magistrate Judge