IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02172-REB-BNB

TERRY HANKINS,

Plaintiff,

v.

DIRK KEMPTHORNE, acting as Secretary of Interior, United States,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff initiated this case on October 30, 2006, by filing a document entitled "Appeal of Cessation Order and Challenge to the Entire Body of 43CFR 3715 Regulations as Inconsistent with the Mining Law of 1872" [Doc. #1] (the "Complaint"). I ordered the plaintiff to file proof of service on or before March 1, 2007. *Minute Order* [Doc. #3, filed 11/15/06].

On January 8, 2007, the plaintiff filed a motion for entry of default against the defendant [Doc. #4]; a motion to stay the case [Doc. #5]; a paper entitled "Certificate of Mailing"[Doc. #6]; and a paper entitled "Proof of Service of Lawsuit on Defendant Proof of Filing and Payment of Court Fees [Doc. #8]. On January 8, 2007, the Clerk's Office refused to enter a default against the defendant. *Clerk's Note* [Doc. #9]. On January 18, 2007, I recommended that the motion to stay be denied, and I noted that none of the plaintiff's filings demonstrate that the plaintiff has properly served the defendant pursuant to Rule 4(i), Fed.R.Civ.P.

The plaintiff has not filed proof of service on the defendant. It also appears that the plaintiff has failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on February 27, 2007.

I ordered the plaintiff to show cause on or before March 19, 2007, why this case should not be dismissed for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court. D.C.COLO.LCivR 41.1. I cautioned the plaintiff that failure to show cause on or before March 19, 2007, would result in my recommendation that this case be dismissed. *Order to Show Cause* [Doc. #12, filed 3/5/07].

The plaintiff has not responded to my show cause order.

I respectfully RECOMMEND that the Complaint be DISMISSED for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court. D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 26, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge
